NEW-YORK,
October, 1816.

JACKSON, *ex dem.* BEEKMAN, *against* STEPHENS.

JACKSON
v.
STEPHENS.

THIS was an action of ejectment, brought to recover part of lot No. 4., in lot No. 1., in lot No. 13., in the 25th allotment of the patent of *Kayaderosseras.* The cause was tried at the *Saratoga* circuit, in *May,* 1815.

The principal question in this case was, whether the commissioners who, in 1770, run the boundaries of the *Kayaderosseras* patent, had taken the true northwesternmost head of the *Kayaderosseras* creek, and had run the line described in the patent as follows, correctly: " thence northerly, to the northwesternmost head of a creek called *Kayaderosseras,* about fourteen miles, more or less; thence eight miles northerly, thence easterly to the third falls in *Albany* river, about twenty miles, more or less." If the location made by the commissioners was correct, the plaintiff was entitled to recover the premises in question, to which he deduced a regular title under the *Kayaderosseras* patent. A variety of evidence was given on the trial, to support and impugn that location, and to show an adverse possession in the defendant, which, however, it is unnecessary to state. A verdict was taken for the plaintiff, and the defendant moved to have it set aside, and a new trial granted.

*The construction heretofore given to the Kayaderosseras patent, is not to be called in question. The true northwesternmost head of the Kayaderosseras creek is that adopted by the commissioners, for the division of the patent, in 1770; and Baker's falls, are the " third falls on the Albany river," mentioned in that patent.*

*Where a question of adverse possession was not on the trial submitted to the jury, it will be presumed to have been abandoned, and cannot be made a ground of moving for a new trial.*

*Skinner,* for the defendant.

*J. Emott,* contra.

*Per Curiam.* The construction to be given to the *Kayaderosseras patent* has been too long and well settled, to be again called in question. The cases of *Jackson* v. *Lindsey,* (3 *Johns. Cas.* 86.,) and *Jackson* v. *Ogden,* (1 *Johns. Rep.* 156.,) show, that the place adopted by the commissioners is to be deemed the *northwesternmost head of the Kayaderosseras ;* and that the course from thence, *eight miles more northerly,* must be a due north course. It is admitted that the *third falls,* mentioned in the patent, are those called *Baker's* falls; and, running the line according to these objects, will, confessedly, include the premises in question within the patent. The lessor of the plaintiff, hav-

SHEAR
v.
OVERSEERS OF
HILLSDALE.

ing deduced a regular title to himself, he is entitled to recover, unless the defendant is protected by his length of possession. On this point there might have been some reason to doubt, had it been made a question upon the trial. Whether there had been a twenty years' adverse possession or not, was matter proper for the determination of the jury; and the case furnishes pretty strong evidence on this point, at least up to what is called the middle line. But as the question does not appear to have been at all submitted to the jury, we must presume it was abandoned upon the trial, and the motion for a new trial must be denied,

Motion denied.